UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Moshe Benzion Landau, individually and on behalf of all others similarly situated, Plaintiff, -v.- Allied Account Services, Inc.; Defendants. | Case No.: 2:21-cv-15960 **CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

Plaintiff Moshe Benzion Landau brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against defendant Allied Account Services, Inc. ("Allied"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Union.

8. Defendant Allied is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 422 Bedford Avenue, Bellmore, New York, 11710.

9. Upon information and belief, Defendant Allied is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant Allied sent an initial letter;

   c. attempting to collect a consumer debt;

   d. that stated:

   > If you notify this office verbally or in writing within 30 days from receipt of this notice, that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such judgment or verification and mail it to you. If you request of this office verbally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

   e. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the defendant and all officers, members, partners, managers, directors and employees of the defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

        complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats the above allegations as if set forth here.

20.    Some time prior to November 11, 2020, Plaintiff allegedly incurred an obligation to non-party National Grid/Key Span NY ("National Grid").

21.    The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically, utility services.

22.    The alleged National Grid obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. National Grid is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Upon information and belief, National Grid contracted with Defendant Allied to collect the alleged debt.

25. Defendant Allied collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*November 11, 2020 Collection Letter*

26. On or about November 11, 2020, Defendant Allied sent Plaintiff a collection letter regarding the alleged debt, allegedly owed to National Grid. See Letter attached as Exhibit A.

27. The Letter ostensibly includes the notices required by 15 U.S.C. 1692g.

28. However, the notice is not compliant with the statute.

29. It states in relevant part:

> If you notify this office verbally or in writing within 30 days from receipt of this notice, that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such judgment or verification and mail it to you. If you request of this office verbally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

30. 15 U.S.C. 1692g requires a debt collector, in its initial communication, to include:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. Defendant's notice did not conform to Section 1692g.

32. First, the statute requires the consumer be informed that s/he must notify the collector "in writing" or by "written request", whereas Defendant's notice provides for verbal communication.

33. Upon information and belief, Defendant would not honor verbal disputes pursuant to Sections 1692g(a)3 and (a)4.

34. In addition, even if would honor such a dispute, Defendant would not cease collections, as required when receiving a written dispute.

35. Moreover, even if Defendant would cease collections upon receiving a verbal dispute, it would not be handled in a similar timeframe as a written dispute.

36. Defendant's written procedures and/or training manuals for its employees do not require ceasing collections upon receipt of a verbal dispute.

37. Defendant's written procedures and/or training manuals for its employees do not require identical timeframes for handling written and verbal disputes.

38. Due to Defendant's actions, Plaintiff was confused and thought verbal and written disputes would present equal rights when in fact they did not.

39. Defendant's actions were false, deceptive, and/or misleading.

40. Plaintiff was concerned and confused by the Letter.

41. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

42. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

43. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

44. Defendant also robbed Plaintiff of correct information about his rights to which he was statutorily entitled.

45. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

47. Plaintiff is entitled to receive proper notice of his right to dispute the debt, as required by the FDCPA.

48. Defendant failed to effectively inform Plaintiff of his rights, in violation of the law.

49. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

50. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

52. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

53. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

54. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55. Plaintiff repeats the above allegations as if set forth here.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendant violated said section, as described above, by making a false or misleading representation in violation of §§ 1692e and 1692e (10).

59. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

60. Plaintiff repeats the above allegations as if set forth here.

61. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

62. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

63. Defendant violated this section by unfairly misrepresenting Plaintiff's rights and misleading Plaintiff as to the proper course of action.

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…
>
> 4. A statement that if the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68. Defendant violated this section by failing to provide the proper notice required by §1692g in an initial collection letter.

69. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Moshe Benzion Landau, individually and on behalf of all others similarly situated, demands judgment from defendant Allied as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 24, 2021                        Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*